**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID MARK WILSON,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE SPATHELF, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:23-CV-1640<br><br>(SAPORITO, J.)<br>(LATELLA, M.J.) |

# ORDER

Now before the court is a report and recommendation of United States Magistrate Judge Leo A. Latella in which he recommends that the plaintiff's motion to strike defendant Jeff Hughes's answers and affirmative defenses (Doc. 159) be granted in part and denied in part. (Doc. 171).

Relevant to the plaintiff's motion, the plaintiff filed a second amended complaint in this case on June 17, 2024. (Doc. 46). On February 9, 2026, defendant Hughes filed an answer and asserted affirmative defenses to the plaintiff's second amended complaint. (Doc. 158). The plaintiff then filed the current motion to strike defendant Hughes's

answers and affirmative defenses on February 26, 2026 (Doc. 159).[1]

The plaintiff requests that the court strike defendant Hughes's asserted Answers #1-6 and Affirmative Defenses #8-27. Upon review of the motion, Judge Latella recommends that the court deny the plaintiff's request concerning Answers #1-6. Judge Latella notes that the plaintiff's request rests on the truth of his allegations. At this stage of the proceedings, however, the court has made no findings as to the truth or falsity of those allegations. Therefore, Judge Latella found no basis to strike Answers #1-6. Moreover, Judge Latella recommended that the court deny the plaintiff's request concerning Affirmative Defenses #9-27. In doing so, Judge Latella found that the plaintiff failed to identify how any particular affirmative defense lacks support, instead relying on generalized assertions that all of the affirmative defenses are insufficient and unsupported by the facts. Even so, however, Judge Latella noted that one of the affirmative defenses (Affirmative Defense #8) differs from the remaining defenses. Affirmative Defense #8 states that "Plaintiff's second amended complaint fails to state a claim upon which relief can be

---

[1] Judge Latella noted that defendant Hughes failed to file an opposition brief to the plaintiff's motion. *See* (Doc. 171, at 3).

granted". (Doc. 171, at 10) (citing (Doc. 158, at 2)). Judge Latella recommends striking this affirmative defense because the plaintiff had previously asserted a valid Fourth Amendment excessive force claim within his complaint. Accordingly, Judge Latella recommends that Answers #1-6 and Affirmative Defenses #9-27 remain intact, while Affirmative Defense #8 be stricken.

No timely objections have been filed to the report and recommendation, resulting in the forfeiture of de novo review by this court. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Latella's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Judge Latella (Doc. 171) is **ADOPTED** in its entirety;

2. The plaintiff's motion to strike (Doc. 159) is **GRANTED in part** and **DENIED in part**; and

3. The motion is **GRANTED** as to defendant Hughes's Affirmative Defense #8, and **DENIED** as to defendant Hughes's Answers #1-6 and Affirmative Defenses # 9-27.

4. This matter is remanded to Judge Latella for all further pretrial proceedings

Dated: October 21, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge